UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FELIPE ARAGON TRINIDAD,

Plaintiff,

v.

JEFF SESSIONS, et al.,

Defendants.

Case No. 3:17-cv-06877-JD

**ORDER RE PETITION FOR BOND HEARING**

Re: Dkt. No. 1

Petitioner Felipe Aragon Trinidad is a citizen of Mexico who has been in the custody of the Immigration and Customs Enforcement division of the Department of Homeland Security ("ICE") since November 2016. Dkt. No. 1 at 1-3. In this Section 2241 petition under the habeas corpus statute, he seeks a bond hearing before an immigration judge ("IJ"). This Court joins other courts in this district to hold that Trinidad is entitled to a hearing.

The material facts are not in dispute. An IJ issued an order of removal against Trinidad in July 2005. *See* Dkt. No. 8-1 Exh. B. ICE arrested Trinidad in November 2016 for illegal re-entry after removal and reinstated the July 2005 removal order pursuant to 8 U.S. Code Section 1231(a)(5). Dkt. No. 8 at 4. Trinidad expressed a credible fear of returning to his native Mexico, which initiated withholding-only proceedings. *Id.*; *see generally Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004) ("a grant of an alien's application for withholding [under 8 U.S.C. § 1231(b)(3)(A)] . . . only prohibits removal of the petitioner to the country of risk, but does not prohibit removal to a non-risk country") (internal quotation omitted).

In January 2017 and again in May 2017, ICE conducted custody reviews and concluded that Trinidad should be detained pending resolution of his withholding-only proceedings. Dkt. No. 8-1 Ex. E. Trinidad moved for a bond redetermination hearing before an IJ. His request was denied in May 2017 by the IJ, who concluded that he lacked jurisdiction to conduct the hearing.

Dkt. No. 1 at 4. Trinidad did not appeal the denial to the Board of Immigration Appeals. Dkt. No. 8 at 4. In November 2017, the IJ denied Trinidad's application for withholding of removal. *Id.* Trinidad timely appealed the decision in December 2017 to the Board of Immigration Appeals, and the appeal is pending. *Id.* at 5.

In November 2017, Trinidad filed a petition for a writ of habeas corpus under 18 U.S. Code Section 2241 seeking an order from the Court requiring that Trinidad receive periodic custody redetermination hearings before an immigration judge. Dkt. No. 1 at 6. This Court has jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"). At this point, Trinidad has been in custody for over sixteen months.

An initial question concerns exhaustion. In our circuit, exhaustion of available judicial and administrative remedies before seeking relief under Section 2241 is a prudential matter, not a statutory requirement, and is subject to waiver because it is not a "'jurisdictional' prerequisite." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). The Court may waive exhaustion requirements where administrative remedies would be ineffective or void, or would result in irreparable injury. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004). Trinidad has not exhausted his administrative remedies because he failed to appeal the May 2017 denial of his application for a bond redetermination hearing. But that will not be a bar here. Trinidad has been in custody for one year and four months without a bond hearing, and his BIA appeal has been pending since December 2017. As several other courts in this district have determined, these facts establish potentially irreparable harm and warrant waiver of the prudential exhaustion requirement. *See, e.g.*, *Pulido v. Sessions*, No. 17-CV-03683-WHA, Dkt. No. 12, slip. op. 4-5 (N.D. Cal. Nov. 21, 2017).

On the merits of Trinidad's petition, there is no doubt he is entitled to a bond hearing. Trinidad is being detained pursuant to a final removal order, 8 U.S.C. § 1231(a)(5), and because the 90-day removal period has passed, 8 U.S.C. § 1231(a)(1)(A), he is in custody subject to ICE's discretionary authority under Section 1231(a)(6). 8 U.S.C. § 1231(a); *Padilla-Ramirez v. Bible*,

882 F.3d 826, 832 (9th Cir. 2017) (aliens subject to reinstated removal orders are detained pursuant to Section 1231(a)).

While lawfully detained, Trinidad is entitled to due process. "[P]rolonged detention under § 1231(a)(6), without adequate procedural protections, would raise 'serious constitutional concerns.'" *Diouf v. Napolitano*, 634 F.3d 1081, 1086 (quoting *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 950 (9th Cir. 2008)). Our circuit has "appl[ied] the canon of constitutional avoidance . . . [to] construe § 1231(a)(6) as requiring an individualized bond hearing, before an immigration judge, for aliens facing prolonged detention under that provision." *Diouf*, 634 F.3d at 1086. This holding applies foursquare to Trinidad, and entitles him to a bond hearing.

The government tries to avoid this obvious result by arguing that *Diouf* should not apply to an alien subject to a reinstated order of removal who is detained pending withholding-only proceedings. Dkt. No. 8 at 7. The point is not well taken. *Diouf* does not carve out any class of Section 1231(a)(6) detainees from the right to a hearing; to the contrary, it expressly recognizes that Section 1231(a)(6) covers aliens such as Trinidad, who "have exhausted all direct and collateral review of their removal orders but who, for one reason or another, have not yet been removed from the United States." *Diouf*, 634 F.3d at 1085. *Diouf* also indicates that differences in removal status are of no moment for a bond hearing. "Regardless of the stage of the [removal] proceedings, the same important interest is at stake -- freedom from prolonged detention." *Id.* at 1087. That liberty interest exists even if the detainee "lack[s] a 'legal right' to live at large in the United States." *Id.* n.8 (quoting *Zadvydas*, 533 U.S. at 696). The government fails to square its position with *Diouf's* holdings, and does not say why aliens subject to reinstated orders of removal have substantially diminished liberty interests compared to other aliens.

The government also argues that Trinidad is not entitled to a bond hearing because there is a special interest in detaining aliens with a track record of illegal reentry. Dkt. No. 8 at 8. It is true that Trinidad has been removed from the United States 11 times. *See* Dkt. No. 8-1 Exh. A. That may be a troubling record, but it is irrelevant to his right to a bond hearing. *See Diouf*, 634 F.3d at 1088; *Casas-Castrillon*, 535 F.3d at 950 (quoting *Zadvydas*, 533 U.S. at 690). Whether

3

Trinidad should be granted or denied a bonded release in light of his history and other factors is an entirely different question from whether he should get a hearing. The only issue here is whether he is entitled to a hearing, and under controlling authority, he is.

As a final note, the government suggests that *Diouf* should be considered infirm under the Supreme Court's decision in *Zadvydas* because Trinidad cannot show that his removal is not reasonably foreseeable. Dkt. No. 8 at 9. This is wrong for several reasons. As an initial matter, *Zadvydas* was published in 2001 and *Diouf* in 2011. The Court is in no position to ignore circuit authority issued after a Supreme Court decision. *See, e.g.*, *Eberhard v. California Highway Patrol*, No. 3:14-CV-01910-JD, 2015 WL 6871750, at *6 n.1 (N.D. Cal. Nov. 9, 2015). This is all the more true since *Diouf* relies extensively on the reasoning in *Zadvydas*.

Substantively, the government misconstrues these cases. *Zadvydas* holds that courts have Section 2241 authority to order the release of aliens held pursuant to Section 1231(a)(6) if "the detention in question exceeds a period reasonably necessary to secure removal." *Zadvydas*, 533 U.S. at 699. When "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700. *Zadvydas* establishes an alien's right to seek release from civil detention that has become "indefinite, perhaps permanent," *id.* at 692, due to the government's inability to remove him or her. *See, e.g.*, *id.* at 684 (petitioner filed habeas petition after three countries refused to accept him over four years of removal efforts). In complementary fashion, *Diouf* establishes an alien's right to a bond hearing when he or she is subject to "*prolonged* detention" exceeding 180 days. *Diouf*, 634 F.3d at 1091 (emphasis in original). *Diouf* and *Zadvydas* do not conflict because they address parallel, co-existing entitlements.

Consequently, Trinidad's Section 2241 petition is granted, and respondents are ordered to provide a bond hearing for him **within 30 days of the date of this order**. If the government does not prove at the hearing that Trinidad is a flight risk or a danger to the community, he must be released immediately from custody.

The Court declines Trinidad's request to require additional bond hearings every 180 days. Trinidad relies on *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), for the request, but that

4

case has been reversed and remanded by the Supreme Court. *See Jennings v. Rodriguez*, __ U.S. __, 138 S. Ct. 830 (2018). In addition, Trinidad may not be subject to continued prolonged detention depending on what happens at his initial hearing and thereafter. Trinidad may renew his request for additional hearings if future developments warrant it.

**IT IS SO ORDERED.**

Dated: April 30, 2018

JAMES DONATO
United States District Judge